[No. 28940. Department One. April 10, 1943.]

MINNIE F. COX, *as Administratrix, Appellant,* v. OLD NATIONAL BANK & UNION TRUST COMPANY, *as Trustee, et al., Respondents.*[1]

[1]Reported in 136 P. (2d) 163.

*Olive Scott Johnson* and *H. Earl Davis,* for appellant.

*Witherspoon, Witherspoon & Kelley,* for respondents.

MALLERY, J.—This was an action to establish the identity of the owner of a bank account. The jury returned a verdict in favor of the plaintiff, as administratrix of her husband's estate. The trial court entered a judgment notwithstanding the verdict, dismissing her action. Plaintiff appeals.

The question to be decided is: Does all of the evidence, considered in its most favorable light, together with all reasonable inferences to be drawn therefrom, constitute a *prima facie* case to go to the jury? Respondents' adverse evidence, however weighty and conclusive, must be disregarded.

It is conceded by all that account number 780 was opened in 1905 with the Spokane branch of the Bank of Montreal under the name of George Cox. This account was inactive after 1914. It was turned over to respondent in November, 1924, in the amount of $3,980.35, when the Bank of Montreal, Spokane branch,

ceased doing business in Spokane. It was carried by respondent, Old National Bank, under the name of G. Cox.

On March 2, 1933, the Old National Bank & Union Trust Company of Spokane suspended business, and, pursuant to a plan of reorganization, a certain portion of the accounts and deposits of the Old National Bank & Union Trust Company, including the savings account in the name of G. Cox, was transferred to the Investment & Securities Company, and the said savings account in the name of G. Cox is now held by the Old National Bank of Spokane and the Investment & Securities Company for the owner thereof.

It was admitted by appellant that the signature of George Cox on the original ledger sheet of the Bank of Montreal, Spokane branch, and on two checks drawn on the account in question, was not the signature of her deceased husband. This admission was made after a comparison with her deceased husband's signature in the family Bible and on a homestead entry.

For the purpose of summarizing the evidence favorable to appellant, we will quote appellant's statement from her brief:

"Prior to the year 1900, Minnie F. Frazier and George W. Cox were married at Joplin, Missouri. George W. Cox while residing at Joplin was a mechanic and was also interested in mines. They came to Washington first about 1900, on a visit and then moved the family to Washington some time about 1904 to 1907 or 1908, the record being not clear on this date. When the family moved out, Mrs. Cox and the children came about two weeks in advance of Mr. Cox, and when she left he gave her $3,000.00 to bring with her, and he probably kept at least a like sum. After he arrived he and Mrs. Cox deposited some of the money in the Bank of Montreal.

"Mrs. Cox was able to give a detailed description of the appearance of the bank and recognized Exhibit 10

in evidence as a picture of the bank in which the deposit was made, and located it at the corner of Stevens street and Riverside avenue in Spokane. She further testified that on numerous occasions she visited the same bank in company with her husband subsequent to the time the deposit was made.

"In 1911 the Coxes took a homestead near Ford, in Stevens county, and lived there until 1922 when the homestead was disposed of, and following the sale of the homestead they traveled in different parts of the United States, with no settled abode, for five or six years, only occasionally returning to Spokane for a month or so at a time. They finally returned to Spokane and settled more or less permanently in 1930.

"That July 28, 1932, the deceased, George W. Cox, drowned in Hangman Creek, and at the time he drowned he wore his coat and carried a billfold, in which he carried his bank deposit book, and this billfold or the bank deposit book could not be found afterwards, although the plaintiff made an attempt to do so, nor could the plaintiff find the bank in which the deposit was made. That prior to the death of George W. Cox he discussed with plaintiff the fact that the bank in which the deposit was made had gone out of business. In conversations between the plaintiff and the deceased, the conversation with reference to the money deposited in the Bank of Montreal was that he (the deceased) often told them that they would have to be careful and live on what he made and not to touch the savings account, because it was for their old days. At other times the plaintiff went to the Bank of Montreal with the deceased, to cash checks. While on the homestead in Stevens county, from 1911 to 1922, the plaintiff and deceased went to the Bank of Montreal about once a month, except when the snow was deep in the wintertime, and cashed their checks to get supplies, but never took any money out of the savings account.

"The plaintiff's witness Frank S. Myers testified that in 1918 or 1919, at the Deer Park Lumber Company, in a conversation with George W. Cox, husband of plaintiff, that Cox stated to him that he (Cox) had

money in the Montreal Bank, that he could use in his old age.

"Howard Cox, son of George W. Cox and plaintiff, testified that his father used the name of 'G. Cox' and that he had seen mail come to his father bearing the name 'G. Cox.'"

■ Taking the view of the evidence that is most favorable to the plaintiff and giving her the benefit of every favorable inference which may reasonably be drawn from such evidence, the most that could be contended is that her husband, George Washington Cox, at one time had a savings account in the Spokane branch of the Bank of Montreal. If this action was brought against the Bank of Montreal, it might be contended that there was some amount remaining in such an account and that the plaintiff, as administratrix of his estate, had made out a *prima facie* case against the Bank of Montreal for an unknown balance. But the Bank of Montreal was not a party in the instant case, which was brought against the Old National Bank and the Investment & Securities Company, and therefore it was encumbent upon the plaintiff to prove that such an account was transferred to the Old National Bank & Union Trust Company by the Bank of Montreal. This, the plaintiff failed to do.

The evidence was insufficient to make out a *prima facie* case that appellant's deceased husband was the owner of the particular account here involved. It is manifest that respondents would not be liable for any other possible account in the Bank of Montreal, Spokane branch, that was not turned over to them.

■■ The appellant claims the court erred in entering judgment herein

" . . . that the unclaimed savings account in the name of 'G. Cox' in the amount of $3,980.35 on deposit with the defendant, The Old National Bank of Spo-

kane, and the Certificate of Participation of said account in the defendant, Investment and Securities Co., are hereby declared to be the property of George Cox of Boise, Idaho, as shown by the evidence and exhibits, and said defendants are directed to deliver said account and Certificate of Participation to said George Cox of Boise, Idaho, or his heirs, administrators, executors, successors and assigns."

This error does not affect the interests of the appellant. When she was held not to have any interest in the account, her interest ceased.

The judgment should be modified by striking therefrom the matter to which the objection was made, for the reason that the court had no jurisdiction to adjudicate the rights of persons who were not parties to the action and who are not even known to exist.

Respondents will recover costs in this court.

The judgment is affirmed, as modified.

SIMPSON, C. J., MILLARD, STEINERT, and JEFFERS, JJ., concur.